| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------X<br><br>N.M.B., mother and natural guardian of L.B. and P.B. and<br>N.M.B. Individually,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>THE CITY OF NEW YORK & NEW YORK CITY<br>DEPARTMENT OF EDUCATION,<br><br>　　　　　　　Defendants.<br><br>---------------------------------------------X | **COMPLAINT**<br><br>Case No.: |

## PRELIMINARY STATEMENT

1. Plaintiff N.M.B. is the mother and natural guardian of L.B. and P.B. as defined by IDEA, 20 U.S.C. § 1401 (23).

2. L.B. is a child with a disability as defined by IDEA, 20 U.S.C. § 1403(3)(A).

3. Defendant(s) classified L.B. as a child with a disability.

4. P.B. is a child classified with a disability as defined by IDEA, 20 U.S.C. § 1403(3)(A).

5. Defendant(s) classified P.B. as a child with a disability.

6. During the relevant dates referenced herein, the plaintiff has resided in Brooklyn, New York.

7. The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

8. Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401 (19), and as such, is obligated to provide educational and related service programs and services to its students in compliance with the applicable federal and state statutes, regulations and the

1

United States Constitution and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations thereunder.

9. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff brought on behalf of L.B. and P.B. in underlying due process proceedings.

10. Special education due process proceedings were decided in favor of plaintiff for L.B. by the order of IHO Audrey Daniel ("IHO Daniel") in impartial hearing case number 217834. The decision was issued on February 18, 2022, and the decision is final and binding on the parties.

11. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff for .L.B. in another due process action by the order of IHO Erin DeFontes ("IHO DeFontes") in impartial hearing case number 229317. The decision was issued on March 13, 2023 and is final and binding on the parties.

12. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff on behalf of P.B. in another due process action by the order of IHO Jeffrey Guerra ("IHO Guerra") in impartial hearing case number 218296. The decision was issued on April 18, 2022.

13. As to the proceedings decided under case number 281296, the defendants have not appealed the hearing order and it is final and binding upon them.

14. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff on behalf of P.B. in another due process action by the order of IHO Ramy Louis ("IHO Louis") in impartial hearing case number 254282. The decision was issued on November 9, 2023.

15. Plaintiff prevailed in the impartial hearing proceedings in case numbers 217837, 229317, 218296 and 254282.

16. The plaintiff is a prevailing party in the above-mentioned due process proceedings and to date, legal fees have not been settled to date by defendants.

17. As the proceedings decided under case number 217837, the defendants have not appealed the hearing order and it is final and binding upon them.

18. As to the proceedings decided under case number 229317, the defendants have not appealed the hearing order and it is final and binding upon them.

19. As to the proceedings decided under case number 218296, the defendants have not appealed the hearing order and it is final and binding upon them.

20. As to the proceedings decided under case number 254282, the defendants have not appealed the hearing order and it is final and binding upon them.

21. The within action is brought within the statute of limitations and is timely.

## JURISDICTION AND VENUE

22. Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B).

23. Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

## STATEMENT OF FACTS

24. A 10-day notice of unilateral placement was served timely on the defendants Committee on Special Education ("CSE") for the 2021-2022 school year on or about August 24, 2021. In the 10-day notice, the CSE was notified of the reasons for .N.M.B's intent to place L.B. in a nonpublic school for the 2021-2022 school year. N.M.B. contended that that defendant(s)

3

denied L.B. FAPE.

25. Plaintiff brought the due process proceeding under case number 217834 due to the inadequacy of L.B.'s IEP and defendant(s) procedural and substantive violations leading up to the 2021-2022 school year.  The hearing request dated September 13, 2021 was submitted to the DOE.

26. A hearing was held on January 18, 2022.  After holding the hearing, IHO Daniel determined in his order that L.B.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to her in the complained of school year. The DOE was also ordered to reimburse N.M.B. for transportation costs due to implementation issues. Following IHO Daniel's order, the defendant(s) did not appeal it.

27. A 10-day notice of unilateral placement was sent to the defendants' CSE on or about June 16, 2022.  In the 10-day notice, the CSE was advised of the reasons N.M.B. unilaterally placed L.B. in a nonpublic school for the 2022-2023 school year.  The defendants did not respond to the plaintiff's 10-day notice.

28.  Although an IEP was developed recommending an ICT program, N.M.B. challenged the IEP as defective as a whole and did not offer FAPE to L.B. for the 2022-2023 school year.

29. On September 19, 2022, an impartial hearing complaint was filed alleging that defendants failed to provide FAPE to L.B in the 2022-2023 school year.  This case proceeded before IHO DeFontes under case number 229317.

30. At the time of the impartial hearing which was held over two dates on November 2, 2022 and December 12, 2022, the defendant(s) contended that it provided FAPE to L.B. in the development of the IEP at issue.

31.  IHO  DeFontes found that L.B. was denied FAPE in the complained of school year(s).

4

The parent's unilateral placement was found appropriate and the defendants were ordered to directly fund L.B.'s attendance at the school for the 2022-2023 school year in the amount of SEVENTY-SEVEN THOUSAND FIVE DOLLARS ($77,500.00) within thirty days of the hearing order.  The IHO ordered that the parent be reimbursed for transportation costs incurred during Plaintiff's attendance at school due to failure of consistent busing implementation. The order was not appealed by defendant(s).

32. A 10-day notice of unilateral placement was sent to the defendants' CSE on or about August 24, 2021.  In the 10-day notice, the CSE was advised of the N.M.B's reasons for unilaterally placing P.B. in a private school for the 2021-2022 school year.  The defendants did not respond to the plaintiff's 10-day notice.

33. Although the CSE developed an IEP in February 2021, plaintiff rejected the IEP as wholly inadequate and argued that the IEP did not provide FAPE to P.B. in the 2021-2022 school year.

34. A due process complaint dated September 23, 2021 was filed with defendant(s) and assigned case number 218296. This case was filed seeking tuition funding for the 2021-2022 school year as a result of defendant(s) denial of FAPE to P.B. for the reasons stated in the 10-Day Notice and the due process complaint.

35. A due process hearing was held on January 31, 2022 and March 25, 2022 before IHO Guerra. The DOE did not present a Prong One case at the hearing. N.M.B. through counsel presented evidence on Prong Two case. IHO Guerra found that the defendant(s) denied FAPE to P.B. He also found that P.B.'s unilateral placement was appropriate and that the equities favored N.M.B.

36. IHO Guerra ordered that the student's tuition be fully and directly funded by defendant(s) to the nonpublic school in the amount of  for the 2021-2022 school year. The order

5

was not appealed by defendants.

37. A 10-day notice of unilateral placement was sent to the defendants' CSE on or about August 21, 2023. In the 10-day notice, the CSE was advised of the N.M.B's reasons for unilaterally placing P.B. in a private school for the 2023-2024 school year. The defendants did not respond to the plaintiff's 10-day notice.

38. A due process complaint dated September 5, 2023 was filed with defendant(s) and assigned case number 254282. This case was filed seeking tuition funding for the 2023-2024 school year as a result of defendant(s) denial of FAPE to P.B. for the reasons stated in the 10-Day Notice and the due process complaint.

39. A due process hearing was held on January 8, 2024 and January 31, 2024 before IHO Louis. The DOE presented a Prong One case at the hearing. N.M.B.. through counsel presented evidence on Prong Two and refuted defendant(s) Prong One case. IHO Louis found that the defendant(s) denied FAPE to P.B. He also found that P.B.'s unilateral placement was appropriate and that the equities favored N.M.B.

40. IHO Louis ordered that the student's remaining tuition not funded by pendency be directly funded to the nonpublic school in the amount of FORTY-SIX THOUSAND FOUR HUNDRED THIRTY DOLLARS ( $46,430.00) for the 2023-2024 school year. The order was not appealed by defendants.

41. The plaintiff has exhausted all necessary administrative remedies prior to bringing this action for attorneys fees in each of the above-mentioned due process proceedings.

42. The plaintiff is a prevailing party in all the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B). Plaintiff obtained favorable results in each of the underlying due process proceedings that were not occasioned by the defendant City's or DOE's voluntary change of conduct, but rather, was based on the determinations made in the impartial

6

hearing decision by the assigned IHOs.

43. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

## **AS AND FOR A FIRST CAUSE OF ACTION: ATTORNEYS FEES IN 217834**

44. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through forty-three ("43") as if fully set forth herein.

45. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 217834.

46. The relief sought and ultimately obtained in the hearing under case number 217834 were substantial for Plaintiff.

47. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 217834.

48. The relief sought and ultimately obtained in the hearing under case number 217834 was substantial for Plaintiff.

49. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

50. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 217834 and this action.

51. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 216845 and this action.

## AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEYS FEES IN 229317

52. Plaintiff reasserts and realleges the allegations contained in paragraphs forty-four ("44") through fifty-one ("51") as if fully set forth herein.

53. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 229317.

54. The relief sought and ultimately obtained in the hearing under case number 239458were substantial for Plaintiff.

55. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 229317.

56. The relief sought and ultimately obtained in the hearing under case number 229317 was substantial for Plaintiff.

57. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

58. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 229317 and this action.

## AS AND FOR A THIRD CAUSE OF ACTION: ATTORNEYS FEES IN 218296

59. Plaintiff reasserts and realleges the allegations contained in paragraphs fifty-two ("52") through fifty-eight ("58") as if fully set forth herein.

60. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 218296.

61. The relief sought and ultimately obtained in the hearing under case number 260885 were substantial for Plaintiff.

62. As set forth herein, Plaintiff is a prevailing party in the underlying due process

proceeding under case number 218296.

63. The relief sought and ultimately obtained in the hearing under case number 218296 was substantial for Plaintiff.

64. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

65. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 218296 and this action.

### AS AND FOR A FOURTH CAUSE OF ACTION: ATTORNEYS FEES IN 254282

66. Plaintiff reasserts and realleges the allegations contained in paragraphs fifty-nine ("59") through sixty-five ("65") as if fully set forth herein.

67. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 254282.

68. The relief sought and ultimately obtained in the hearing under case number 254282 were substantial for Plaintiff.

69. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 254282.

70. The relief sought and ultimately obtained in the hearing under case number 254282 was substantial for Plaintiff.

71. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

72. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 254282 and this action.

## REQUESTS FOR RELIEF

73. Plaintiff requests that an Order be issued awarding attorneys fees as a prevailing party in underlying due process proceedings. Plaintiff also seeks reasonable attorneys fees which have or will be incurred in the prosecution of this action and for the underlying due process hearing and appeal to the SRO pursuant to 20 U.S.C. 1415(i)(2)(A) and 20 USC 1415(i)(3)(B) .

Dated: Brooklyn, New York
February 15, 2025

*Erika L. Hartley, Esq.*
Erika L. Hartley, Esq. (Electronically signed)
LAW OFFICE OF ERIKA L. HARTLEY
Attorney for Plaintiffs
N.M.B. as m/n/g of L.B.
& P.B.
238 Covert Street, Suite 2
Brooklyn, New York  11207
(866) 478-3324

To:    GEORGIA PESTANA, Corporation Counsel
        Office of the Corporation Counsel
        Attorneys for Defendants
        THE CITY OF NEW YORK & NEW YORK
        CITY DEPARTMENT OF EDUCATION
        100 Church Street
        New York, New York  10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------------------------X

N.M.B. as mother and natural guardian of L.B. and P.B.. and
N.M.B. Individually,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                      Defendants.

------------------------------------------------------------------------------------------------------------X

# COMPLAINT

------------------------------------------------------------------------------------------------------------X

**LAW OFFICE OF ERIKA L. HARTLEY**
Attorneys for Plaintiffs
N.M.B. as m/n/g L.B. and P.B. & N.M.B. Individually
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office (866) 478-3324, Fax (718) 650-8917
erika.hartley@.hartleylawgrp.net